UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X    Case No.:
DONNA VALENTINE,

                                  Plaintiff,                  COMPLAINT

      -against-

BROOKLYN BRANDS LLC and                  PLAINTIFF DEMANDS
FRANCIS GIUSTO, Individually,               A TRIAL BY JURY

                                Defendants.
------------------------------------------------------------------X

    Plaintiff, by Plaintiff's attorneys, PHILLIPS & ASSOCIATES, ATTORNEYS AT LAW, PLLC, hereby complains of the Defendant(s), upon information and belief, as follows:

### Nature of the Case

1. Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*; the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq.*; the New York State Human Rights Law ("NYSHRL"), New York State Executive Law § 296, *et seq.*; the New York City Human Rights Law ("NYCHRL"), New York City Administrative Code § 8-502(a), *et seq.*; and the New York Common Law. Plaintiff seeks damages to redress the injuries Plaintiff has suffered as a result of being discriminated against on the basis of Plaintiff's sex/gender and disability and being retaliated against for objecting to discrimination, as well as for being subjected to an assault by her supervisor.

### Jurisdiction and Venue

2. Jurisdiction of this Court is proper under 42 U.S.C. § 2000e-5(f)(3).

3. Jurisdiction of this Court is also proper under 42 U.S.C. § 12133 as well as 28 U.S.C. §§ 1331 and 1343.

1

4. This Court has supplemental jurisdiction over Plaintiff's claims brought under state and municipal law pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this district pursuant to 42 U.S.C. § 2000e-5(f)(3), as it is a judicial district in the State (New York) in which the unlawful employment practices are alleged to have been committed.

6. Venue is also proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts complained of occurred therein.

## Procedural Prerequisites

7. Plaintiff filed charges of discrimination upon which this Complaint is based with the Equal Employment Opportunity Commission ("EEOC").

8. Plaintiff received a Notice of Right to Sue ("Notice") from the EEOC, dated February 3, 2021, with respect to the herein charges of discrimination. A copy of the Notice is annexed hereto as Exhibit A.

9. This Action is being commenced within ninety (90) days of receipt of said Notice.

10. Contemporaneously with the filing of this Complaint, Plaintiff mailed a copy of the Complaint to the New York City Commission on Human Rights ("NYCCHR") and the Office of the Corporation Counsel of the City of New York ("Corporation Counsel") pursuant to the notice requirements of Section 8-502 of the New York City Administrative Code. A copy of the transmittal letter to the NYCCHR and the Corporation Counsel is annexed hereto as Exhibit B.

## Parties

11. At all times material, Plaintiff was an employee of Defendants.

12. At all times material, Defendant BROOKLYN BRANDS LLC ("BROOKLYN BRANDS") was a foreign limited liability company operating in the State of New York.

13. At all times material, Defendant BROOKLYN BRANDS was Plaintiff's employer under Title VII, the ADA, the NYSHRL, and the NYCHRL.

14. At all times material, Defendant BROOKLYN BRANDS was engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 2000e.

15. At times material, Defendant BROOKLYN BRANDS was engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 12111.

16. Defendant BROOKLYN BRANDS had 15 or more employees for each working day in each of 20 or more calendar weeks in 2020.

17. Defendant BROOKLYN BRANDS had 15 or more employees for each working day in each of 20 or more calendar weeks in 2019.

18. Defendant BROOKLYN BRANDS had 15 or more employees for each working day in each of 20 or more calendar weeks in 2018.

19. Defendant FRANCIS GIUSTO ("GIUSTO") was an employee of Defendant BROOKLYN BRANDS.

20. At all times material, Defendant GIUSTO was Plaintiff's supervisor and had supervisory authority over Plaintiff.

21. At all times material, Defendant GIUSTO had the power to hire Plaintiff, to fire Plaintiff, to demote Plaintiff, to promote Plaintiff, to directly affect the terms and conditions of Plaintiff's employment, and to direct Plaintiff's daily work activities.

22. Defendant GIUSTO was Plaintiff's employer under the NYSHRL and the NYCHRL.

23. Defendant BROOKLYN BRANDS and Defendant GIUSTO are collectively referred to herein as "Defendants."

## Plaintiff's Disability

24. Plaintiff suffered a knee injury in 2018. As such, Plaintiff frequently wears a knee brace.

25. At times, Plaintiff walks awkwardly because of the long-terms effects of her knee injury.

26. Plaintiff's disability (long-term knee injury) is an impairment that substantially limits one or more of Plaintiff's major life activities within the meaning of 42 U.S.C. § 12102(1)(A), namely—walking and running.

27. Plaintiff's disability (long-term knee injury) constitutes (a) a physical, mental or medical impairment resulting from anatomical, physiological, genetic or neurological conditions which prevents the exercise of a normal bodily function or is demonstrable by medically accepted clinical or laboratory diagnostic techniques or (b) a record of such an impairment or (c) a condition regarded by others as such an impairment, within the meaning of NYSHRL § 292(21). It is specifically a physical impairment that impedes her ability to walk and run.

28. Plaintiff's disability (long-term knee injury) is a physical, medical, mental or psychological impairment or a history or record of such impairment within the meaning of NYCHRL § 8-102(16). It is specifically a physical impairment that impedes her ability to walk and run.

29. Plaintiff was capable of performing the duties required by her job with or without a reasonable accommodation.

## Material Facts

30. Plaintiff is a resident of Bronx County, New York.

31. In or around June 2017, Plaintiff began working as a "Lead" at Defendants' facility located in Brooklyn, New York.

4

32. In or around September 2017, Plaintiff began working as a "Manager" at Defendants' "Warehouse" located at 828 East 144th Street, Bronx, New York 10454.

33. Plaintiff earned a base salary of approximately $43,000 per year.

34. Plaintiff was qualified for her position.

35. Plaintiff is a Latina.

36. In or around August 2018, Defendant GIUSTO started working for Defendant BROOKLYN BRANDS.

37. Defendant BROOKLYN BRANDS promptly promoted Defendant GIUSTO to Plant Manager mere weeks after he started working for them.

38. For her part, Plaintiff promptly realized that Defendant GIUSTO was a bully and bigot.

39. Defendant GIUSTO regularly called Plaintiff a bitch.

40. Defendant GIUSTO would also regularly call other women bitches in Plaintiff's presence.

41. Plaintiff was naturally offended at hearing Defendant GIUSTO use this offensive term in reference to herself and other women.

42. Defendant GIUSTO also regularly mocked Plaintiff because of her knee injury.

43. For example, Defendant GIUSTO called Plaintiff a "cripple bitch" on several occasions.

44. Plaintiff was also offended at hearing Defendant GIUSTO mock her for her disability in addition to her sex/gender.

45. Defendant GIUSTO was not the only sexist supervisor employed by Defendant BROOKLYN BRANDS.

46. In or around the summer of 2018, Plaintiff helped a colleague file a written complaint with human resources about a supervisor named Ahmed who had been sexually harassing her (Plaintiff's colleague).

47. Upon information and belief, Defendant BROOKLYN BRANDS terminated Ahmed a few months later, at least in part because of the complaint of sexual harassment that Plaintiff facilitated.

48. Defendant GIUSTO was enraged at Ahmed's termination and blamed it in on Plaintiff.

49. Defendant GIUSTO then escalated his unconscionable conduct, retaliating against Plaintiff for objecting to Ahmed's discriminatory behavior by targeting Plaintiff with additional abuse and epithets.

50. For example, in the summer of 2019, Defendant GIUSTO unleashed an unusually violent tirade on Plaintiff, in which he called her a bitch.

51. Plaintiff tearfully fled from Defendant GIUSTO and ran into the women's locker room, but Defendant GIUSTO pursued her into the women's locker room and continued berating Plaintiff.

52. Plaintiff repeatedly complained about Defendant GIUSTO's retaliatory and discriminatory behavior to multiple individuals in management and/or human resources.

53. For example, Plaintiff complained on multiple occasions about Defendant GIUSTO's discriminatory and retaliatory behavior to Production Manager Simeon Manber, Assistant Manager "Michael," Vice President John Gibson, and Paulina Diaz in human resources.

54. However, Defendant GIUSTO did not stop his discriminatory or retaliatory behavior. Things might improve for a short while, but Defendant GIUSTO consistently returned to his discriminatory and retaliatory ways.

55. Plaintiff felt betrayed by Defendant BROKLYN BRANDS' failure to protect her from Defendant GIUSTO's patently unlawful behavior.

56. One day in or around January 2020, as Plaintiff was walking to work, Defendant GIUSTO saw Plaintiff approaching the Warehouse.

57. Defendant GIUSTO abruptly got into an 18-wheel truck—with a trailer attached—and peeled out of the docking bay as Plaintiff approached the docking bay.

58. As Defendant GIUSTO intended, Plaintiff was terrified by this menacing behavior and threat to hit her with a truck.

59. In or around June or July of 2020, Plaintiff complained again about Defendant GIUSTO's unlawful behavior to Vice President John Gibson, who menacingly told her, in sum and substance, to "keep what happens in the bakery in the bakery" and that she should only complain directly to him rather than to anyone in human resources.

60. Plaintiff complained to Mr. Gibson on multiple occasions, but Defendant GIUSTO's unlawful behavior continued.

61. At times, Plaintiff would tremble for fear of coming into work and facing Defendant GIUSTO.

62. On or about August 25, 2020, Plaintiff complained directly to Managing Director Mickey Klein about Defendant GIUSTO's discriminatory and retaliatory behavior.

63. Mr. Klein was dismissive of Plaintiff's concerns and condescendingly said she was, in sum and substance, "taking things personally."

64. Plaintiff again felt betrayed by Defendant BROKLYN BRANDS' failure—and even refusal—to protect her from Defendant GIUSTO's patently unlawful behavior.

65. Defendant BROOKLYN FOODS clearly valued Defendant GIUSTO's contributions as a manager more than it was concerned about his abusive behavior and condoned—perhaps even encouraged—the latter to reap the benefits of the former.

66. On or about September 9, 2020, Plaintiff met with Michael and Mr. Manber.

67. Mr. Manber said, in sum and substance, "I don't want to do this" and informed Plaintiff that she was being furloughed from Defendant BROOKLYN BRANDS, supposedly because business had slowed down.

68. At the meeting, Plaintiff said, in sum and substance, that Defendant GIUSTO "got me out of here." Mr. Manber hung his head, and Michael nodded in silent agreement.

69. Defendants' claim to have furloughed Plaintiff because of business conditions is pretextual.

70. First, Defendants furloughed Plaintiff just 15 days after she complained to Mr. Klein about Defendant GIUSTO's unlawful conduct. This temporal proximity evidences a retaliatory animus towards Plaintiff.

71. Second, Michael and Mr. Manber suggested agreement with Plaintiff's allegation that Defendant GIUSTO had finally "got me out of here."

72. Third, upon information and belief, Defendants hired several additional employees shortly after furloughing Plaintiff, suggesting that they did not furlough Plaintiff because of financial trouble.

73. Defendants knew or should have known of the discriminatory conduct and failed to take corrective measures within their control.

74. But for Defendant GIUSTO'S position at Defendant BROOKLYN BRANDS, Defendant GIUSTO would not have been able to subject Plaintiff to the discriminatory and retaliatory treatment alleged above.

75. Plaintiff was repulsed, offended, disturbed, humiliated, and disgusted by this blatantly unlawful and retaliatory termination.

76. Defendants retaliated against Plaintiff because Plaintiff objected to Defendant GUIISTO's and Ahmed's discriminatory and unlawful conduct.

77. Defendants created a hostile work environment which unreasonably interfered with Plaintiff's ability to perform Plaintiff's job.

78. The above are just some of the ways Defendants regularly and continually harassed, retaliated against, and discriminated against Plaintiff while employing Plaintiff.

79. Defendants treated Plaintiff this way due to Plaintiff's sex/gender and/or disability.

80. Defendants treated Plaintiff this because Plaintiff objected to discrimination.

81. Defendants acted intentionally and intended to harm Plaintiff.

82. Defendants unlawfully discriminated against, humiliated, degraded, and belittled Plaintiff. As a result, Plaintiff suffers loss of rights, emotional distress, and loss of income.

83. Plaintiff's performance was, upon information and belief, satisfactory while working for Defendants.

84. Plaintiff has also suffered emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

85. Defendants acted maliciously, willfully, outrageously, and with full knowledge of the law.

86. As such, Plaintiff demands punitive damages as against all Defendants, jointly and severally.

First Cause of Action **for Discrimination**
**Under Title VII**
**(Not Against Individual Defendant)**

87. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

88. Title VII of the Civil Rights Act of 1964, as amended, at 42 U.S.C. § 2000e–2(a), titled "employer practices," provides that:

> It shall be an unlawful employment practice for an employer—

> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or
>
> (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

89. Defendant BROOKLYN BRANDS violated the sections cited herein as set forth.

Second Cause of Action **for Retaliation**
**Under Title VII**
**(Not Against Individual Defendant)**

90. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

91. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-3(a) provides that:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

92. Defendant BROOKLYN BRANDS violated the sections cited herein as set forth.

Third Cause of Action **for Discrimination**
**Under the ADA**
**(Not Against Individual Defendants)**

93. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

94. The ADA, at 42 U.S.C. § 12112(a), provides: "No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the

hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

95. Defendant BROOKLYN BRANDS violated the section cited herein as set forth.

Fourth Cause of Action **for Retaliation**
**Under the ADA**
**(Not Against Individual Defendants)**

96. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

97. The ADA, at 42 U.S.C. § 12203, provides:

> (a) Retaliation
>
> No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.
>
> (b) Interference, coercion, or intimidation
>
> It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter.

98. Defendant BROOKLYN BRANDS violated the section cited herein as set forth.

Fifth Cause of Action **for Discrimination**
**Under the New York State Executive Law**
**(Against all Defendants)**

99. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

100. New York State Executive Law § 296(1) provides that:

> It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex,

      disability, predisposing genetic characteristics, familial status, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

101. Defendants violated the section cited herein as set forth.

Sixth Cause of Action **for Discrimination**
**Under the New York State Executive Law**
**(Not Against Corporate Defendant)**

102. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

103. New York State Executive Law § 296(6) provides that it shall be an unlawful discriminatory practice: "For any person to aid, abet, incite compel or coerce the doing of any acts forbidden under this article, or attempt to do so."

104. Defendant GIUSTO violated the section cited herein as set forth.

Seventh Cause of Action **for Retaliation**
**Under the New York State Executive Law**
*(***Against all Defendants)**

105. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

106. New York State Executive Law § 296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he has opposed any practices forbidden under this article."

107. Defendants violated the section cited herein as set forth.

### Eighth Cause of Action **for Discrimination**
**Under the New York City Administrative Code**
**(Against All Defendants)**

108. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

109. The New York City Administrative Code § 8-107(1) provides that:

> It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, caregiver status, sexual orientation, uniformed service, or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment.

110. Defendants violated the section cited herein as set forth.

### Ninth Cause of Action **for Aiding Discrimination**
**Under the New York City Administrative Code**
**(Not Against Corporate Defendant)**

111. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

112. The New York City Administrative Code § 8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

113. Defendant GIUSTO violated the section cited herein as set forth.

### Tenth Cause of Action **for Retaliation**
**Under the New York City Administrative Code**
**(Against all Defendants)**

114. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

115. The New York City Administrative Code § 8-107(7) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discriminate against any person because such person has opposed any practices forbidden under this chapter."

116. Defendants violated the section cited herein as set forth.

Eleventh Cause of Action – **Vicarious Liability**<br>**Under the New York City Administrative Code**<br>**(Not Against Individual Defendant)**

117. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

118. NYCHRL § 8-107(13) is entitled "Employer liability for discriminatory conduct by employee, agent or independent contractor." It provides that:

> a. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.
>
> b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where: (1) the employee or agent exercised managerial or supervisory responsibility; or (2) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or (3) the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.
>
> c. An employer shall be liable for an unlawful discriminatory practice committed by a person employed as an independent contractor, other than an agent of such employer, to carry out work in furtherance of the employer's business enterprise only where such discriminatory conduct was committed in the course of such employment and the employer had actual knowledge of and acquiesced in such conduct.

119. Defendant BROOKLYN FOODS violated the section cited herein as set forth.

Twelfth Cause of Action **for Assault**
**Under the New York Common Law**
**(Against Defendant GIUSTO)**

120. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

121. By her actions as set forth above, Defendant GIUSTO subjected Plaintiff to assault.

122. Defendant GIUSTO intentionally placed Plaintiff in imminent reasonable apprehension of a harmful and/or offensive physical contact.

123. As a result of this reasonable apprehension, Plaintiff sustained damages.

124. Plaintiff is entitled to the maximum amount allowed under this doctrine.

### Jury Demand

125. Plaintiff requests a jury trial on all issues to be tried.

### Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests a judgment against Defendants:

A. Declaring that Defendants engaged in unlawful employment practices prohibited by Title VII, the ADA, the NYSHRL, and the NYCHRL in that Defendants discriminated against Plaintiff based on Plaintiff's sex/gender and/or disability and retaliated against Plaintiff for objecting to discrimination;

B. Declaring that Defendant GIUSTO assaulted Plaintiff;

C. Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendants' unlawful discrimination, retaliation, and conduct and to otherwise make Plaintiff whole for any losses suffered because of such unlawful employment practices;

D. Awarding Plaintiff compensatory damages for mental and emotional injury, distress, pain, suffering, and injury to Plaintiff's reputation in an amount to be proven;

E.  Awarding Plaintiff punitive damages;

F.  Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action; and

G.  Awarding Plaintiff such other and further relief as the Court may deem equitable, just, and proper to remedy Defendants' unlawful employment practices.

Dated: New York, New York
May 4, 2021

**PHILLIPS & ASSOCIATES,**
**ATTORNEYS AT LAW, PLLC**

By: ___/s/_____
Shawn Clark
*Attorneys for Plaintiff*
45 Broadway, Suite 430
New York, New York 10006
(212) 248-7431
slcark@tpglaws.com